**UNITED STATES v. 21,815 SQUARE FEET OF LAND, MORE OR LESS, IN BOROUGH OF BROOKLYN, KINGS COUNTY, NEW YORK, et al.**

**C. P. No. 30.**

District Court, E. D. New York.

Nov. 5, 1943.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., for petitioner-plaintiff.

Newman & Bisco, of New York City (David Barnett, of New York City, of counsel), for defendant Manufacturers Trust Co.

MOSCOWITZ, District Judge.

The petitioner-plaintiff has made a motion herein for an order striking out the answer to the amended petition filed in this proceeding by the defendant, The

Manufacturers Trust Company, as trustee.

The grounds of the motion are:

"I. That said Answer does not constitute a defense to said proceeding and is improper, unauthorized and contrary to the established practice and procedure in such proceedings.

"II. That said Answer does not constitute a defense or raise triable issues in said proceeding.

"III. That the questions raised by said Answer are res adjudicata and have been previously raised and determined by this Court in this proceeding.

■ Quite aside from the question of the insufficiency of the answer, the answer contains matter which should not be alleged in a pleading; for example, in the "first separate and partial defense" it alleges the contents of papers on file in this action and sets forth portions of the petition which has since been amended and also recites orders made by the court and their contents.

The petition is not before the court; the amended petition, which was filed July 9, 1943, is. It seeks the following relief:

"1. That it may adjudge that the public use requires the condemnation of the exclusive use, occupancy and possession of the land hereinbefore described for the term herein provided.

"2. That it may adjudge that the Petitioner is entitled to hold the exclusive use, occupancy and possession of the land hereinbefore described for the public use and for the term herein stated, upon making compensation therefor.

"3. That it may adjudge the fair market value and just compensation which should be paid by the Petitioner-Plaintiff for the exclusive use, occupancy and possession of said land hereinbefore described for the term herein stated.

"4. That there may be taken such action and that there may be passed such orders, decrees and judgments as may be necessary or proper, fully to effectuate the objects of the aforesaid Acts of Congress, in so far as they relate to the acquisition of the above particularly described land, and cause the land described in this petition to be condemned and taken by the United States of America; and the Court shall order distribution of the compensation to the parties thereto entitled, according to their respective rights, interests and ownerships.

"5. That it grant such other and further relief as the nature of the case may require."

Under the amended petition the court is asked to determine that the public use requires the condemnation of the exclusive use, occupancy and possession of the premises, and that the petitioner is entitled to hold the exclusive use, occupancy and possession of the property for the public use for the term contemplated and that the court adjudge the fair market value and just compensation which should be paid for the estate and interest taken.

■ The answer to the amended petition is unusual in form. It requests this court to adjudicate that the petitioner-plaintiff is entitled to the relief prayed for in the original petition and not the relief prayed for in the amended petition. The defendant evidently is seeking two adjudications of the same matter as the defendant heretofore moved to strike out the amended petition. This application was denied by Judge Campbell on August 16, 1943. Judge Campbell decided that the same grounds that were urged for the dismissal of the amended petition "formed the basis of the motion to clarify the order of this Court dated May 11th, 1943, which was denied by Hon. Clarence G. Galston, a Judge of this Court, in an opinion dated July 14th, 1943, with only the following exception, 'It is clearly not the duty of the landlord to dispossess the tenants. The right to do so under the existing order lies wholly in the power of the petitioner-plaintiff'. That exception does not prevent the filing of the amended petition, and that opinion, I consider the law of the case. Any question which the owner raises about interference with the use of the part of the property so occupied by the cafeteria, caused by the taking of the remaining property is one for consideration on the determination of the question of damage not on this motion. United States v. Certain Lands in City of Des Moines, Iowa, et al., D.C., 46 F.Supp. 800. On the authority of the opinion herein of Judge Galston, supra, the motion is denied."

The amended petition eliminates from the proposed acquisition certain space in the premises which were originally intended to be acquired under the original petition. Judge Campbell decided that the government was not in possession of that portion of the premises sought to be excluded from the taking at the time of the filing of

the amended petition. He used the following language:

"If the Government was in possession of that portion of the premises occupied by the S. & R. Cafeteria, Inc., a tenant of the owner at or before the time of the filing of the amended petition a question might arise as to its right to amend and abandon that portion of the property sought to be taken, which I do not find it necessary to discuss at this time.

"The Government was not in possession of that portion of the premises occupied by the S. & R. Cafeteria, Inc., at or before the filing of the amended petition and therefore the only question is as to the effect of the order of May 11th, 1943, and that has been determined."

This court is bound by the determination made by Judge Campbell in which he denied the motion to strike out the amended petition.

Defendant seeks the following relief:

"1. That the relief prayed for in the amended petition verified July 8, 1943 be denied and that the petitioner-plaintiff be granted the relief as prayed for in its original petition verified May 11th, 1943.

"2. That the Court determine the reasonable rental value of the premises described in the petition, from the date of the taking and award the amount thereof to the defendant, Manufacturers Trust Company, as trustee.

"3. That the judgment of this Court provide that said rental value be paid to Manufacturers Trust Company, as trustee, monthly, in advance.

"4. That said judgment provide that the right of the petitioner-plaintiff to extend the term of said leasehold interest shall be conditioned upon the petitioner-plaintiff giving to defendant, Manufacturers Trust Company, as trustee, reasonable notice prior to the expiration of said term of its intention to extend the term thereof.

"5. That the Court grant to Manufacturers Trust Company such other and further relief as may be just and proper, besides interest and costs."

The defendant is not entitled to a denial of the relief prayed for in the amended petition and the granting of the relief as prayed for in the original petition as requested by paragraph 1 of its demand.

Under paragraph 2 the defendant requests the court to determine the rea-sonable rental value of the premises described in the petition, from the date of the taking and award the amount to the defendant. This relief is prayed for in the amended petition. Certainly just compensation should be made for the taking to those entitled thereto. This is not in issue. It will be determined to whom compensation shall be paid after the question of just compensation has been determined. The issue is premature at this time.

Paragraph 3 of defendant's demand for relief is in the same category as paragraph 2. This is likewise not in issue at this time. This can be determined after the interlocutory judgment of condemnation has been entered.

Defendant also requests (paragraph 4 of demand) that certain conditions be imposed upon the petitioner-plaintiff in regard to notice of the intention to terminate the interest acquired. In the absence of bad faith the court can not determine the nature, characte. and extent of a taking. This is an administrative function. See Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; Sears v. City of Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688; United States v. Gettysburg Electric R. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Joslin Manufacturing Co. v. City of Providence, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167; Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135; United States v. Meyer et al., 7 Cir., 113 F.2d 387; Barnidge v. United States, 8 Cir., 101 F.2d 295.

Defendant is fully protected by petitioner-plaintiff's concession. The petitioner-plaintiff concedes that, if the defendant at the trial of the issue of the value or just compensation wishes to continue its position that the taking of the leasehold occurred at the time of the entry of the order for immediate possession, it is not precluded from offering proof of value on this basis.

The relief prayed for in the amended petition does not in anywise seek to define the period of time when the right to exclusive use and occupancy was exercised by the government or when the actual taking occurred. There are no issues raised in the answer to the amended petition.

The motion to strike the answer will be granted.

Settle order in accordance with this opinion.