MUNSON LINE, Inc., v. GREEN et al.

District Court, S. D. New York.

Jan. 22, 1947.

Cahill, Gordon, Zachry & Reindel, of New York City (Paul W. Williams and Robert G. Zeller, both of New York City, of counsel), for plaintiff.

Baker, Obermeier & Rosner, of New York City (Oscar S. Rosner and Jay Raymond Levinson, both of New York City, of counsel), for defendants.

CAFFEY, District Judge.

Defendants move, before answering, for summary judgment dismissing the complaint, under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff counter moves (1) for an order denying defendants' motion; (2) for an order, pursuant to Rule 56(g), compelling defendants to pay to it its reasonable expenses, including reasonable attorney's fees, incurred in opposing defendants' motion on the ground that the motion is made in bad faith and for the purpose of delay; and (3) for an order granting leave to take depositions of defendants upon oral examination, pursuant to Rule 26, prior to service of defendants' answers, or, in the alternative, after answers have been served but prior to any examination by defendants of plaintiff.

The first motion of defendants will be taken up at the beginning.

It appears that in February, 1946, the defendants moved before Judge Conger under Rule 12(b) (6) to dismiss the complaint for failure to state a claim upon which relief can be granted and that, at the same time, plaintiff moved for the same relief embraced in (3) of its present motion. In August Judge Conger rendered his opinion, 6 F.R.D. 14, dismissing the second and third causes of action, sustaining the first cause of action and denying plaintiff's motion. Defendants now ask for summary judgment dismissing this first cause of action.

The facts pleaded as the basis of each of the three causes of action are exactly the same. The only difference between the three causes of action lies in the conclusory allegations as to the nature of the wrong which resulted from the facts pleaded.

In the second cause of action it is charged that the pleaded facts constitute a conspiracy falsely to institute or main-

tain an action, in violation of Section 580 (3) of the New York Penal Law, Consol. Laws, c. 40; in the third cause of action they are alleged to have amounted to malicious prosecution. The conclusory allegations in the first cause of action are phrased in more general language; it was sustained by Judge Conger upon the theory that the facts pleaded showed a wrongful, actionable interference with the business of another. I must accept his decision as the law of the case. Commercial Union of America, Inc., v. Anglo-South American Bank, Ltd., 2 Cir., 10 F.2d 937; In re Hines, 2 Cir., 88 F.2d 423, 425.

In an opinion in this case dated August 26, 1946, Munson Line, Inc., v. Green, D. C., 6 F.R.D. 14, 17, Judge Conger stated the following:

"A cursory reading of the complaint would undoubtedly give the impression that the suit is mainly one for malicious prosecution. However, the plaintiff's claim of wrongful interference with its business, although somewhat unique, nevertheless seems to be grounded in the law.

"It contends that even though the malicious prosecution of the suits alone may not be actionable, taken together with the other acts, showing an intentional series of wrongs, they constitute a wrongful interference with the business of another, and are actionable.

"I have little doubt that the plaintiff's argument is valid and that it is entitled to relief if the allegations of the complaint are true. * * *

"However, the tort of wrongful interference with another's business in various forms seems to be generally recognized by the authorities." (citing Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 2 Cir., 133 F.2d 187; Opera on Tour, Inc., v. Weber, 285 N.Y. 348, 34 N.E.2d 349, 136 A.L.R. 267; American Guild of Musical Artists v. Petrillo, 286 N.Y. 226, 36 N.E.2d 123; Al Raschid v. News Syndicate Co., Inc., 265 N.Y. 1, 191 N.E. 713; Tuttle v. Buck, 107 Minn. 145, 119 N.W. 946, 22 L.R.A.,N.S., 599, 131 Am.St.Rep. 446, 16 Ann.Cas. 807; Restatement of the Law of Torts, Section 871; and 15 Corpus Juris Secundum, Conspiracy, § 10, page 1006).

"With these thoughts in mind, [Judge Conger said] I think that the first claim for relief should be sustained because it is not patently clear that the plaintiff may not recover under any set of facts which this first claim in the complaint might conceivably embrace (citing Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, and Publicity Building Realty Corporation v. Hannegan, 8 Cir., 1943, 139 F.2d 583).

"The pleading is replete with allegations suggesting fraud, slander of title and duress, and possibly some point might be made of them.

"However, if this count of the complaint is nothing more than a glorified cause of action for malicious prosecution, I could not sustain it, but I think it goes farther."

The present motion for summary judgment dismissing the first cause of action is based on the ground that there is no genuine issue as to any material fact and is supported by an affidavit of Louis A. Green, the principal defendant.

The affidavit contains no facts but sets up the defenses that the action is barred by the one year statute of limitations applicable to actions for libel; that the alleged libelous words were published in judicial proceedings and were, therefore, absolutely privileged; that none of the alleged libelous words were directed against plaintiff but only against its officers and stockholders; and that plaintiff shows no actionable damage—all of which appears on the face of the complaint.

The argument of the defendants is that the only conduct charged to them from which interference with plaintiff's business could have originated, if at all, was the publication of alleged false and defamatory words; that such publication was the only "source of injury"; that it is the source of the injury and not the form of the action which determines the applicable statute of limitations (citing Webber v. Herkimer & M. St. R. Co., 109 N.Y. 311, 315, 16 N.E. 358, and Schmidt v. Merchants' Despatch Transportation Co., 270 N.Y. 287, 302, 200 N.E. 824, 104 A.L. R. 450); that an action for libel or slander is barred one year after the publication; and that, as the last alleged defamatory

statement made by defendants is charged to have occurred in June, 1944, eighteen months before this suit was instituted in December, 1945, the action cannot be maintained.

The defendants also argue that, as the alleged false and defamatory words were published in the course of judicial proceedings, their publication was absolutely privileged, if relevant (citing Zirn v. Cullom, 187 Misc. 241, 63 N.Y.S.2d 439); that the burden of showing lack of relevancy was upon plaintiff (citing Smithers v. Leslie, 249 App.Div. 828, 292 N.Y.S. 340), which it has not done, and that, therefore, they are entitled to summary judgment. They further argue that plaintiff sustained no actionable damage because it shows in its complaint that during the period in question its assets tripled in value, large dividends were paid and the market value of its capital stocks largely appreciated, and that plaintiff fails to show any business lost as the direct and proximate result of the conduct attributed to defendants.

I do not agree with the defendants. Their arguments appear to me predicated upon the false premise that this first cause of action rests solely upon the publication by defendants of false and defamatory words concerning plaintiff and that Judge Conger must have so considered it. The first cause of action is very voluminous but a merely cursory reading will show that other acts also—some wrongful, some innocent in themselves—are alleged to have been done by defendants, all in pursuance of a conspiracy wrongfully to interfere with plaintiff's business.

The gist of the cause of action is contained in paragraphs 28 to 30, where it is alleged that about September, 1940, the defendant, Louis A. Green, conceived a plan, in which the other defendants joined, wilfully, maliciously and without justification or excuse, to damage plaintiff and its business, credit and reputation and to harass and wrongfully interfere with it, by a series of malicious and wrongful acts; that, in furthermore of such plan, defendants (1) instituted successive groundless law suits, maliciously and without probable cause, asking for large damages and threatening the liquidation and receivership of plaintiff and the liquidation of a corporation in which plaintiff had a large investment; (2) circulated rumors maligning the integrity and ability of plaintiff's management; (3) solicited other stockholders of plaintiff upon the basis of false representations to criticize its management and to bring suits against it; and (4) wrongfully and maliciously engaged in improper practices in connection with the acquisition of stock in plaintiff. The succeeding 62 paragraphs set forth in detail many of the acts by which the alleged conspiracy was carried out. Many of these acts have nothing to do with the publication of defamatory words. For example, it is alleged in paragraphs 31 to 36 that defendants acquired stock in plaintiff and concealed their ownership of it by having it registered in the name of defendant Braunschweiger, who was a mere dummy, with the purpose, among others, of bringing groundless law suits, concealing their interest in such law suits and forcing plaintiff, or its president, to buy their stock.

It is quite plain that this cause of action is not based merely upon the publication of defamatory words. They are alleged to have been contained in the allegations in the law suits, as some of the overt acts. It is not true, as asserted by defendants, that it is only the publication of false and defamatory words which can cause damage to credit and reputation. Publication of the truth may do so—as, for example, publication of the fact that suit has been brought and application made for the appointment of a receiver of plaintiff. In fact, it is alleged here (paragraphs 56–58) that application was made in one of the law suits for the appointment of a receiver and denied. Defendants' acts may have damaged plaintiff despite the increase in its assets, etc. That is a matter for determination of the trial.

The allegation that defendants, maliciously and without probable cause, instituted groundless law suits cannot be ignored. The decision of Judge Conger dismissing the third cause of action, which was based entirely on malicious prosecution, did not eliminate these allegations from the first cause of action where they are set forth as

part of the acts constituting wrongful interference with plaintiff's business. They may not have justified a recovery of damages for malicious prosecution, because, as he pointed out, there was no actual interference with plaintiff's property by attachment, receivership or other provisional remedy. But they are properly included in a cause of action based on the tort of wrongful interference with one's business, which is broader than, and may include, such lesser torts as malicious prosecution, publication of defamatory statements, inducing a breach of contract, unfair competition, etc.

Since this cause of action is clearly not one to recover damages for the publication of false and defamatory words, as claimed by defendants, and since Judge Conger has upheld its sufficiency as stating a claim upon which relief can be granted, defendants' motion for summary judgment must be denied.

Plaintiff asks that Rule 56(g) be enforced against defendants. That rule provides: "Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

Defendants ignore this request and make no attempt to show that Green's affidavit was not filed in bad faith or for the purpose of delay, evidently relying on the assumption that their motion would be granted. They do, however, say that the questions presented by their motion were not raised or decided upon their previous motion before Judge Conger. In my view, these questions could and should have been presented then, for they arise upon the face of the complaint.

It has been held in several cases that the defense that an action is barred by the statute of limitations can be raised upon a motion to dismiss under Rule 12(b) for failure to state a claim upon which relief can be granted, whenever the complaint shows on its face that the time has run, A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472, 476; Gossard v. Gossard, 10 Cir., 149 F.2d 111, 113; Berry v. Chrysler Corp., 6 Cir., 150 F.2d 1002, 1003; and other cases in the District Courts.

The same principle would seem to be applicable to the claim of defendants that the alleged defamatory words were absolutely privileged, for those that are claimed to be privileged appear on the face of the complaint to have been made in the course of judicial proceedings. See Kahn v. Cecelia Co., D.C.S.D.N.Y., 40 F.Supp. 878, 879, where it was held that when it appeared on the face of the complaint that the action was barred by the statute of frauds, the question could be raised on a motion to dismiss for insufficiency under Rule 12 (b) (6).

A motion to dismiss under Rule 12(b) (6) and a motion for summary judgment under Rule 56(b) are essentially the same. Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 87; Samara v. United States, 2 Cir., 129 F.2d 594, 597. The purpose of each is the same, viz., a judgment dismissing the action, in the case of a motion to dismiss, upon the ground that the complaint fails to state facts on which relief can be had, and, in the case of a motion for summary judgment, on the ground that there is no genuine issue as to a material fact. What will justify granting the motion in one case will, in general, also serve to justify it in the other.

I think no one will deny that, if a defendant moves under Rule 12(b) (6) to dismiss a complaint for insufficiency, specifying the grounds therefor (as perhaps he should do under Rule 7(b) (1), although this Rule is not generally enforced in that connection in this District), and his motion is denied, he cannot thereafter move under Rule 56(b) for summary judgment on the same grounds, nor make a second motion under Rule 12(b) (6) on like grounds. The decision on the first motion would be the law of the case and he would be estopped from raising the same questions again. See In re Walton Hotel Co., 7 Cir., 116 F.2d 110, 112; United States v. 21,815

Square Feet of Land, etc., D.C.E.D.N.Y., 52 F.Supp. 707, 708; and Pathe Exchange v. International Alliance, etc., D.C.S.D. N.Y., 3 F.Supp. 63, 64.

The grounds for dismissal now urged could have been urged on the previous motion to dismiss. In my opinion on a motion to dismiss for insufficiency all the reasons for dismissal should be presented and any not presented should be treated as having been waived and not available on a later motion for summary judgment. Although I discover no case directly in point and although the situation is not directly covered by the Rules, it is certainly within their spirit, for they were "designed to encourage the consolidation of motions and to discourage the dilatory device of making them in series". Thorne, Neale & Co. v. Coe, D.C.D.C., 3 F.R.D. 259, 260.

My conclusion also derives support from that portion of Rule 12(g) which provides that "If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he should not thereafter make a motion based on any of the defenses or objections so omitted."

Whether or not the reasoning and conclusions I have adopted be sound, the circumstances here seem to me to show that this motion and Green's supporting affidavit are not presented in good faith but solely for the purpose of delay. Accordingly the plaintiff is entitled to an order directing defendants to pay it the reasonable expenses which it has incurred, including reasonable attorney's fees. The sum of $250 seems to me reasonable and will be allowed. The order to be entered hereon will provide for payment of that amount by defendants to plaintiff.

Plaintiff renews its motion, which was denied by Judge Conger, for an order, pursuant to Rule 26, granting leave to take depositions of defendants upon oral examination prior to service of their answers, or, in the alternative, to take such depositions after answers have been served but prior to any examination of plaintiff by defendants. The reasons given for taking such depositions prior to answer seem to be the same as those urged upon Judge Conger. The only change in the situation is the present motion by defendants for summary judgment. This change in the situation does not seem to me to be a sufficient reason for granting plaintiff's motion, even though I should hold that I have the right to disregard Judge Conger's order and make a contrary order.

Plaintiff's request that it be permitted to examine defendants prior to their examination of it seems also to rest on the same grounds as were urged before Judge Conger. If their examination of it should seem to be in bad faith or unreasonably annoying, embarassing or oppressive, it has ample remedy under Rule 30(b) and (d).

This part of plaintiff's motion is denied. Settle order on two days' notice.