Clara A. CLARK, Plaintiff,

v.

William L. HANCOCK, Defendant.

Civ. A. No. 1945.

United States District Court
S. D. Georgia,
Savannah Division.

Dec. 13, 1968.

Sam P. Inglesby, Jr., Savannah, Ga., for plaintiff.

Ogden Doremus, Savannah, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

Plaintiff has filed a Motion to require payment of expenses pursuant to Rule 56(g) Federal Rules of Civil Procedure, alleging that defendant to support a motion for summary judgment filed certain affidavits solely for the purpose of delay and that, as a result, plaintiff was put to unnecessary expense.

Plaintiff filed an action for wrongful death in this Court on May 11, 1966. Subsequently, the case gradually advanced on the Court's calendar and was ready for trial at the May term, 1968.

At the sounding of the docket on May 13th counsel for plaintiff and for defendant announced ready for trial.

Plaintiff's attorney then notified plaintiff who traveled from Des Moines, arriving in Savannah on May 18th. On May 20th and on May 21st at the sounding of the docket plaintiff reannounced readiness. Defendant made no appearance.

At this point it appeared that the case would be reached for trial on the afternoon of the 22nd or morning of the 23rd. However, on the afternoon of May 21st counsel for defendant filed a motion for summary judgment and supported same with defendant's affidavit to the effect that he was present when the statements of certain witnesses were taken. Xeroxed copies of these statements were attached to defendant's affidavit. The statements were taken on October 28, 1964, and had been in defendant's possession for almost two years at the time when they were submitted in support of defendant's motion for summary judgment. Judge Scarlett deferred ruling on the motion, discharged the jury for the term and headed for the Marshes of Glynn—the precise result the motion was intended to achieve and almost certain to produce.

On September 3, 1968, I heard arguments on defendant's motion for summary judgment as well as on plaintiff's motion for costs. Finding the former wholly without merit, it was overruled. The latter was taken under advisement.

The motion for summary judgment is designed to eliminate needless trials where there are no issues of material facts. Chambers v. United States, 8 Cir., 357 F.2d 224; Rogers v. Peabody Coal Co., 6 Cir., 342 F.2d 749. In this instance the statements offered in support of defendant's motion did not resolve the issues of fact. They are primarily statements of opinion and personal conclusions by occupants of defendant's automobile as to defendant's sobriety at the time of the homicide and

as to the manner in which he was operating the vehicle.

■ There is doubt that these statements are even admissible as affidavits under Rule 56 because of form and substance. Affidavits submitted under Rule 56 must be made upon personal knowledge and are not admissible if based upon opinions or belief, no matter how sincere. Union Ins. Society of Canton v. William Gluckin & Co., 2 Cir., 353 F.2d 946; Jameson v. Jameson, 85 U.S. App.D.C. 176, 176 F.2d 58. Although the present statements fall generally in this category, rather than exclude them altogether, the Court applies the principle set out in United States v. Johns-Manville Corp., D.C., 245 F.Supp. 74, and has considered only those portions containing material facts while excluding ·all speculative testimony. In any event defendant's motion with or without the supporting statements was without merit and was denied by order of this Court dated September 3, 1968.

■ Under the circumstances there is an unsatisfactorily rebutted presumption that defendant's motion was filed solely for the purpose of delay within the meaning of Rule 56(g). Counsel for defendant admitted that although he had announced ready for trial on May 13th, two of his principal witnesses had failed to appear on the day prior to the trial, and that to have proceeded without these witnesses would have been detrimental to his case.[1] In light of the requirement of Rule 56(c) that motions for summary judgment must be served at least ten days before the time fixed for hearing, I conclude that necessarily the motion here was filed solely to postpone trial.

■ Defendant argues that Judge Scarlett, to whom the motion was initially presented, had full discretion to refuse to pass upon same or to overrule

it and proceed with trial on the merits. The failure to exercise this discretion in the plaintiff's favor, says defendant, relieved him of responsibility for the allegedly dilatory motion. Although a court has discretionary authority and can allow the trial to proceed on its merits without any hearing on a motion for summary judgment (see Williams v. Howard Johnson's Inc. of Washington, 4 Cir., 323 F.2d 102) failure to exercise such discretion does not, in my opinion, relieve movant of responsibility. Expenses resulting from filing a frivolous motion for summary judgment are recoverable although the court may have prevented the attendant delay. Under Rule 56(g) the motion must have resulted in both delay and expense but the fact that the judge could or should have proceeded with the pending jury trial is immaterial as long as a dilatory purpose was the sole motivation of the motion.

■ The Court is well aware of counsel's duty to protect the interests of his client by delaying trial where key witnesses are unavailable. However, this does not permit dilatory practices which put the other party to needless expense except at the risk of making him whole.

■ On the eve of trial defendant was faced with two propositions: (1) to go to trial without two helpful witnesses and assume the risk or (2) to employ a dilatory tactic which, if successful, would allow him, at an expense which might prove smaller in the end, to procure delay in trial until a more propitious time. Counsel for defendant chose the latter course and his client must now pay the piper.

■ Although there are apparently no reported cases dealing with Rule 56(g) except Munson Line v. Green, D. C., 6 F.R.D. 470, 471, it appears that award of expenses under this section is

---

1. The case of Clark v. Hancock was tried on November 18, 1968. Prior to that time defendant took the depositions of the absent witnesses, Kermit J. Knowland of Wilmington, Delaware and Ralph L. Weaver of Detroit. These depositions were used by defendant at the trial and presumably were of value in the case in which a verdict was rendered by the jury for the defendant.

wholly within the discretion of the court. Since I conclude that defendant's motion for summary judgment was filed solely for the purpose of delay such an award is proper here.

As to expenses—the amount of $410.-34 for travel, board and lodging and $42.40 for witness fees is allowed. I feel that attorney's fees in the total amount of $250.00 is reasonable and that amount is awarded [2]—a total of $702.74 as expenses to plaintiff consequent upon the delay occasioned by a motion intended to achieve delay. That amount will be assessed against defendant as costs of court.

---

2. Reasonable expenses may include attorney's fees. *Munson Line*, supra, 6 F.R.D. 470, 475.