257 So.2d 179 (1972)
The METROPOLITAN BANK OF JEFFERSON
v.
William A. SUMMERS, III, et al.
No. 4598.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1972.
Rehearing Denied February 7, 1972.
Writ Refused April 6, 1972.
*180 Hugh D. Aldige, Metairie, for defendants-appellants.
Turner & Skinner, New Orleans, Robert J. Skinner, Metairie, for plaintiff-appellee.
Before REGAN, CHASEZ, and BOUTALL, JJ.
BOUTALL, Judge.
This appeal arises from a suit on a note, in which summary judgment was given for the plaintiff below, in the full amount of the note, less a $100 payment. Defendant filed an affidavit in opposition to that motion which was found to be not in good faith and filed solely as a delaying tactic by the District Court Judge, who therefore assessed a penalty of $250.00 attorney's fees against the defendant. From this adverse judgment, defendant appeals.
Plaintiff bank filed suit on May 21, 1970, alleging defendant's delinquency in payments on a promissory note in the amount of $1781.28, payable in monthly installments of $74.22 each, commencing on November 15, 1969, and his indebtedness, therefore, to the plaintiff in that amount plus interest and attorney's fees, less one payment of $100 made by the defendant on February 23, 1970.
Defendant's answer was a general denial but contained a plea of payment without any itemization thereof, and plaintiff moved for summary judgment to be heard on December 11, 1970. Plaintiff filed an affidavit of correctness of account and a copy of the bank's installment loan history record showing a balance payable on the note of $1681.28. The hearing was continued to December 14, 1970, (Friday to Monday) at which time defendant filed an affidavit alleging a payment of $416.00 (sic) on the note, and attaching a copy of a canceled check made payable to the plaintiff by him in the amount of $416.23, and dated February 23, 1970.
Another continuance was granted to December 16, 1970, at which time plaintiff filed an affidavit of Jules Poirier, Jr., vice-president of plaintiff bank, which denied defendant's affidavit, alleging that defendant tendered the check of $416.23 to plaintiff in order to cover an overdraft of $316.23 to the account of Windy's Seafood Restaurant, Inc., of which defendant was an incorporator and stockholder, and signatory to that account, plus a payment of $100.00 on the note litigated herein. Plaintiff bank alleged these disbursements were made in the presence of and with the full knowledge of the defendant, and attached copies of the bank's Overdraft Sheet of February 20, 1970, showing the alleged overdraft outstanding; a signature card of the defendant in the account of Windy's Seafood Restaurant, Inc., with the defendant's signature as Treasurer; a deposit slip of 2-23-70 showing payment to the credit of Windy's Seafood Restaurant, Inc., of $316.23; an account slip showing the same; a credit slip to the account of the present note of $100.00 on 2-23-60; the original Installment Loan History Record showing the same; and photocopies of the front and back of the check tendered by defendant. The last document shows written on the back of the check, "O. D. Windy Seafood 316.23/Paid on loan 100.00".
On the basis of these documents, the summary judgment was rendered herein, with a penalty for attorney's fees under Louisiana Code of Civil Procedure articles 966 and 967. We are asked to review this judgment.
It is well settled in Louisiana jurisprudence that a summary judgment will not lie where a genuine material issue of fact exists. Glass v. Vista Shores Club, 221 So.2d 304 (La.App. 4th Cir., 1969); Joiner v. Lenee, 213 So.2d 136 (La.App. 3rd Cir., 1968), writ refused, 252 La. 960, 215 So.2d 129; Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir., 1966), writ *181 refused, 249 La. 724, 190 So.2d 236; Acadia-Vermilion Rice Irr. Co. v. Broussard, 185 So.2d 908 (La.App. 3rd Cir., 1966).
However, the jurisprudence equally asserts the purpose of the summary judgment procedure is "to minimize and discourage the judicial urging of well pleaded but frivolous claims". Perry v. Reliance Insurance Co. of Philadelphia, 157 So.2d 903, at 906 (La.App. 1st Cir., 1963). The court in Perry also quoted, at page 908, from Duplechain v. Houston Fire & Casualty Ins. Co., 155 So.2d 459 (La.App. 3rd Cir., 1963), that the defendant in a motion for summary judgment is "required to show that there is a real, not formal, controversy as to a material fact".
A summary judgment may be rendered if a scrutiny of the facts shows that issues presented need not be tried because they are so patently insubstantial as to present no genuine issues. A mere formal allegation without substance will not preclude the rendering of a summary judgment. Brown v. B & G Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir., 1965), appeal after remand, 194 So.2d 746, writ refused, 250 La. 534 and 535, 197 So.2d 79 and 80; Wilkinson v. Husser, 154 So. 2d 490 (La.App. 1st Cir., 1963), writ refused, 245 La. 60, 156 So.2d 603.
In the case at bar, there, at first, seems to be a material issue of fact, i. e., whether a payment of $416.23 was made on the loan, or whether in fact this amount was disbursed with the knowledge of the defendant to two accounts as stated, with only $100.00 being applied to the loan. Defendant does not deny his liability on the note in his affidavit, but merely alleges a partial payment. We note that even the full amount claimed by him as paid on the note was not a sufficient amount to cover all installments due from the time of making of the note to the time of filing of suit. There is no question but that the payments are delinquent, and defendant is liable on the whole note.
The documents filed in the motion for summary judgment show conclusively that the payment of $416.23 allegedly made by defendant on the note was actually made to cover an overdraft of $316.23, leaving $100.00 to be applied to the note. While defendant has raised the spectre of an issue, it seems that it is of no substance. This is not to stay that the trial judge, or this court, merely feels that defendant may not be able to prove his case at trial, and therefore renders summary judgment against him; that would be error. We find, as the trial judge undoubtedly found, that the issue raised by defendant was not a genuine one, merely formal and non-existent in fact. We feel judgment was properly rendered against the defendant.
The matter of penalties assessed under LSA-C.C.P. article 967 is a new one before us. We are unable to find any Louisiana jurisprudence on the subject, and therefore turn to the Federal body of law. U.S.C.A. § 28, Rule 56 is the law from which Louisiana C.C.P. articles 966 and 967 were derived. The cases interpreting Rule 56(g), which corresponds to C.C.P. article 967, deal with motions for summary judgment which were made obviously to delay proceedings. Federal Practice and Procedure, Barron & Holtzoff, § 1243, tells us this penalty is seldom invoked. In Alart Associates, Inc. v. Aptaker, D.C.N.Y.1968, 279 F.Supp. 268, app. dismissed, 2 Cir., 402 F.2d 779, a copyright infringement action, the defendant asserted that a clerical error in the certificate of registration invalidated it and moved for summary judgment twice on these same grounds after it was once denied. The second time, 56(g) was invoked and attorney's fees assessed for the necessity of plaintiff having to twice defend himself against the same motion. In Clark v. Hancock, D.C.Ga.1968, 45 F.R.D. 512, a summary judgment was moved for by defendant the day before trial, because two of his witnesses had not shown up. The judge then dismissed the jury for the term (this was in May) and the trial was effectively delayed until next term of court. Attorney's *182 fees and travel expenses were assessed against the defendant, who had had no grounds at all for a summary judgment. In Munson Line v. Green, D.C.N.Y. 1947, 6 F.R.D. 470, a motion for summary judgment was made on the same grounds as a previously denied motion to dismiss, and attorney's fees were assessed against the mover.
In these cases, the court has penalized the mover, since a summary judgment can be an effective delaying tactic; the court felt that the one who used it should be aware of the risks for its frivolous use and penalized therefor. The motion in each case must have necessarily caused delay in the litigation and expense to the defendant in the motion before penalties would be assessed.
In the present case, the party penalized is the defendant in the motion, not the mover. A summary judgment is a drastic procedure which if granted denies the defendant's right to trial. We feel that a defendant to a motion for summary judgment should be granted more leniency than the mover, and may properly defend himself by affidavits which may, had they been offered in furtherance of such a motion by the mover, be counted as frivolous or in bad faith. We do not hold that anything of any nature, however baseless it may be, is proper in defense against a motion for summary judgment, but we do find that in the present case the defendant's motion is at least valid on its face. It necessitated the filing of further affidavits by the plaintiff, who could not have sustained his motion merely on his original affidavits. The defendant's affidavit therefore shows prima facie good faith and the plaintiff does not prove otherwise.
The second ground for penalties under article 967 is that the affidavit be filed solely for purposes of delay. A mover for summary judgment may easily delay further proceedings by such a motion as shown in the Alart and Clark cases, supra. A defendant in the motion may not so easily delay things. He is entitled to a little more consideration than the plaintiff, since he must defend himself against the motion, whereas the mover may bring the motion or not, as he sees fit, and at almost any time he chooses. In the case at bar, the defendant secured a delay to the next judicial day in order to file his affidavit; further delay was caused by the plaintiff-mover, who had failed to file adequate affidavits originally to overcome the defendant's affidavit. We cannot hold that the filing of this affidavit by defendant was filed solely for purposes of delay. One great purpose must have been to try to defeat the motion so that the defendant would have his trial.
The federal requirements of delay and expense to the other party are not substantially met. The three-day (weekend) delay caused by the defendant was granted in order to permit him to prepare affidavits against the onslaught of summary judgment. We find no expense to plaintiff-mover caused by the defendant's affidavit, since as mover, the plaintiff must necessarily appear in court and incur fees in prosecuting the motion once he moves for summary judgment. This is not caused by the defendant's defense but by his own decision to so move. The second set of affidavits filed by plaintiff should have been if not originally filed, at least foreseen as necessary for a successful motion, and the delay there was caused by plaintiff.
Accordingly, the judgment rendered below is affirmed, but amended to delete that part assessing $250.00 in penalties and attorney's fees against the defendant. Costs of this appeal are to be borne equally by both parties.
Amended and affirmed.