NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-674

B. CATALON

VERSUS

STATE FARM FIRE AND CASUALTY
COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER C-20183306, DIVISION D
HONORABLE ROYALE L. COLBERT, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G.
Fitzgerald, Judges.

AFFIRMED.

**Tracy P. Curtis**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, Louisiana  70501**
**(337) 233-1471**
**Counsel for Plaintiff/Appellant:**
 **Brandi Catalon**

**Joseph T. Puhekker**
**Leah B. Guilbeau & Associates**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, Louisiana  70503**
**(337) 988-7240**
**Counsel for Defendants/Appellees:**
 **State Farm Fire and Casualty Company and**
 **James A. Caillier**

**WILSON, Judge.**

Plaintiff, Brandi Catalon (Catalon), appeals the dismissal of her claim for damages on the trial court's grant of summary judgment in favor of Defendants, James A. Caillier (Caillier), and his insurer, State Farm Fire and Casualty Company (State Farm). Catalon contends that there are genuine issues of material fact concerning the condition of the tree at the time it fell on her car and that the affidavit of Defendants' expert arborist contains unfounded opinions and is based on assumptions that are contradicted. For the reasons that follow, we affirm the trial court's ruling.

I.

**ISSUES**

We must decide:

1. Whether there are genuine issues regarding the tree's condition at the time of the loss, not its condition years earlier, and whether resolution of those issues depends on credibility determinations.

2. Whether the trial court erred by relying on an affidavit that: (a) allegedly contains unfounded opinions that are contradicted by the affidavit of an observer who viewed the scene within months of the accident; and (b) is allegedly based on assumptions that are contradicted by Plaintiff's testimony.

II.

**FACTS AND PROCEDURAL HISTORY**

On June 4, 2017, Catalon was driving her vehicle northbound on Walter Drive in Carencro, Louisiana, at approximately 5:45 p.m., when a tree fell on her vehicle and came through the front windshield. The tree was on land owned by Caillier. The property is an unimproved parcel of that land that has no permanent structures, and the boundary of the property is separated from Walter Drive by a right-of-way in favor of the City of Carencro (Carencro).

Catalon filed suit against Caillier and State Farm; Union Pacific; Carencro; and Lionel Broussard and/or Noo Noo & Therese, LLC. Carencro was dismissed from the lawsuit due to Plaintiff's failure to have it timely served. Catalon later amended her suit to include loss of consortium damages on behalf of her three children, two of whom were minors.

Caillier and State Farm filed a motion for summary judgment alleging that Catalon would be unable to meet her burden of proving that Caillier was negligent in any way. The trial court granted the motion for summary judgment and dismissed Catalon's claims against Caillier and State Farm. This appeal followed.

**III.**

**STANDARD OF REVIEW**

"Appellate courts review summary judgments de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law." *White v. Louisiana Dep't of Transp. & Dev.*, 18-741, p. 4 (La.App. 3 Cir. 3/13/19), 269 So.3d 1031, 1034, *writ denied*, 19-572 (La. 5/28/19), 273 So.3d 311.

**IV.**

**LAW AND DISCUSSION**

On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted.

When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by

2

affidavits or as otherwise provided in La. C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.

*Larson v. XYZ Ins. Co.*, 16-745, p. 7 (La. 5/3/17), 226 So.3d 412, 416–417 (citations omitted). "[S]ummary judgment will be granted only if the issues of fact presented 'are so patently insubstantial as to present no genuine issues' of material fact; a mere allegation without substance will not preclude the rendering of summary judgment." *Davis v. Fortis Benefits Ins. Co.*, 08-1080, p. 8 (La.App. 3 Cir. 3/4/09), 6 So.3d 929, 934 [*quoting Metro. Bank of Jefferson v. Summers*, 257 So.2d 179, 181 (La.App. 4 Cir.), *writ refused*, 261 La. 462, 259 So.2d 914 (1972)].

In order to recover damages in this case, Catalon must prove that: (1) Caillier owned the tree or that he had garde of it; (2) the tree was defective and presented an unreasonable risk of harm; (3) Caillier knew or should have known that the tree was defective; and (4) the defect caused Catalon's harm. La.Civ.Code art. 2317.1. *See also, Jones v. Town of Gueydan*, 21-11 (La.App. 3 Cir. 6/16/21), 323 So.3d 451, *writ denied*, 21-1038 (La. 11/23/21), 328 So.3d 71.

Catalon asserted that Caillier knew or should have known that the tree that fell on Catalon's car was defective. Catalon asserted, in the alternative, that if Caillier proved that he did not have garde of the tree, then the other named defendants knew or should have known that the subject tree was defective. As noted above, however, Carencro is no longer a defendant in this case. Defendants characterize this incident as an unfortunate act of God. Based on the affidavits of Caillier and their expert arborist, Caillier and State Farm contend that they are entitled to a summary judgment because Catalon will be unable to prove that Caillier knew or should have known that the tree in question was defective.

3

In his affidavit, Caillier testified that he had owned the property on Walter Drive in Carencro since 2008 and visited it on a weekly basis since that time. Caillier stated that when he visited the property, he did routine maintenance, such as mowing the grass, weed-eating, and trimming the vegetation or removing dead vegetation. According to Caillier, Carencro took care of and maintained the trees located along its right of way. The maintenance by Carencro included removing trees that showed signs of disease. Caillier further stated that none of the trees along the right of way, including the tree that fell on Catalon's car, appeared rotten or defective because they were all growing and had green leaves.

In further support of the motion for summary judgment, Caillier presented the affidavit of James A. Foret, Jr. (Foret). Foret is a state licensed arborist who has over forty years of experience. He has a master's degree in horticulture. Foret reviewed photographs[1] of the tree and the remaining stump, weather data from the date of the accident, and Caillier's affidavit. Foret opined that the tree in question had a damaged root system caused by the clearing of the drainage ditch area on the property over which Carencro had a right-of-way. According to Foret, the damaged root system would make the tree susceptible to rot, but the damage would be to the interior of the tree and not visible to a lay person. Foret noted that weather data showed that there were wind gusts of twenty-four to twenty-five miles per hour on the date of the accident. Further, Foret stated that if the interior of the tree was damaged, the tree would be susceptible to failure due to wind and rain. Foret concluded that in this case, Caillier "would have observed a growing green tree with little indication of internal decay." We do not find that the trial court erred in considering Caillier's and Foret's affidavits.

---

[1] Foret reviewed a Google Earth street view image of the property dated May 2013, a photograph of the tree taken on the date of accident after it had fallen on Catalon's vehicle, several photographs of the base of the tree in question, and photographs of other trees in the vicinity of the tree in question.

Catalon points out that Foret did not visit the site and relied only on photographs in reaching his conclusion. However, the photographs of the tree on Catalon's car show that the fallen tree had green leaves, and Catalon herself admitted in her deposition that the part of the tree that fell on her car did have green leaves.

In opposition to the motion for summary judgment, Catalon introduced the affidavit of a private investigator, Troy Rue (Rue). There is no evidence that Rue has any education, background, or specialized training regarding trees and/or tree health. Rue visited the property on Walter Drive on September 12, 2017. Rue took several pictures of trees and stumps on the property. Rue stated in his affidavit: "I saw a lot of what appeared to me to be unhealthy trees all along the tree line and within thirty yards of the Catalon stump." Rue further stated that it was clear to him that many of the trees posed a danger to anyone passing by them. Rue concluded that: "My impression is that any person who observed what I observed on September 12, 2017[,] would also conclude that several trees required removal, especially since they were of sufficient size to fall into all or part of Walter Drive."

Catalon admits in her deposition that she had no evidence or other information regarding whether Caillier knew or should have known that the tree in question was defective. This is an element that she must prove at trial in order to recover damages from Caillier. La.Civ.Code art. 2317.1. Foret's testimony was that the tree would appear green and healthy to a layperson. Caillier also testified that he visited the property weekly and did not notice that the tree in question had any sign of disease or rot. This point made by Foret and Caillier is not contradicted by the private detective hired by Catalon. Neither Catalon nor Rue had any information regarding the condition of the tree at the time of the accident.

5

Except for the Google Earth street view image reviewed by Foret, no pictures of the tree taken prior to the date of the accident were admitted into evidence. Catalon testified in her deposition that the day of the accident was the first time she had driven on Walter Road. Therefore, the testimony that the tree that fell on Catalon's car had green leaves is undisputed.

We find that Caillier and State Farm's motion for summary judgment was made and supported as provided in La.Code Civ.P. art. 967. Foret's affidavit indicated that there was no evidence that Caillier knew or should have known that the tree that fell on Catalon's car was defective. The burden of proof then shifted to Catalon to show that there were genuine issues of material fact for trial. La.Code Civ.P. art. 967. Rue, a private investigator, based his opinions as to the true condition of the tree in question at the time of the accident solely on speculation. Accordingly, the conclusory allegations and unsupported speculations by Rue are not sufficient to create a genuine issue of material fact. *Fountain v. Wal-Mart Stores, Inc.*, 19-669 (La.App. 3 Cir. 3/18/20), 297 So.3d 100. Thus, we find that the trial court did not err in granting summary judgment in favor of Caillier and his insurer.

## V.

## CONCLUSION

The trial court's ruling granting summary judgment in favor of James A. Caillier and State Farm Fire and Casualty Company and dismissing all claims of Brandi Catalon against them is hereby affirmed. All costs of this appeal are assessed to the Plaintiff/Appellant, Brandi Catalon.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.