377 So.2d 898 (1979)
TOURO INFIRMARY
v.
Viola JOHNSON, Home Health Services of Louisiana, Inc., and Highlands Insurance Co.
No. 10251.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
Writ Refused January 11, 1980.
*899 Badeaux, Discon, Cumberland & Barbier, J. Michael Cumberland, New Orleans, for defendant and third-party plaintiff appellant.
Christovich & Kearney, William J. Sommers, Jr., New Orleans, for third-party defendants-appellees.
Before SAMUEL, LEMMON and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a summary judgment dismissing Viola Johnson's third-party suit against her employer and her employer's worker's compensation insurer. Finding Mrs. Johnson has failed to show any material issue of fact, we affirm.
Viola Johnson suffered an on-the-job injury while working for Home Health Services of Louisiana, Inc. She was admitted to Touro Infirmary for treatment in January and May 1977. Her employer's worker's compensation insurer paid her medical bills up to the $25,000.00 statutory limit. The total expenses incurred, however, were some $6,000.00 more than that limit, and Touro subsequently sued Mrs. Johnson and her husband for payment. The Johnsons third-partied Home Health Services, Inc. and its insurer, Highlands Insurance Co. They alleged that the third-party defendants had made, in effect, a quasi-contractual agreement to pay all Mrs. Johnson's medical expenses arising from her worker's compensation claim. The third-party defendants filed a motion for summary judgment with an affidavit and supporting documents. The district court granted summary judgment in favor of Home Health Services and Highlands. The Johnsons have appealed.
Mrs. Johnson's job-related injury occurred on March 28, 1975. At that time, R.S. 23:1203 provided a $25,000.00 limit of liability for medical expenses on worker's compensation claims. Appellant contends that the compensation insurer assumed responsibility for and specifically authorized her admission to Touro, and that these actions made the insurer liable for all costs of her treatment at Touro, regardless of the $25,000.00 limit.
C.C.P.Art. 966 prescribes the following basis for summary judgment: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." In ruling on a summary judgment, the court's function is not to determine the merits of the issue raised but rather whether there is a genuine and material factual issue. Chisholm v. Stephens, 231 So.2d 640 (La.App. 4th Cir. 1970). If the mover at the trial of a motion for summary judgment produces convincing proof by affidavits or other receivable evidence of the facts upon which the motion is based, and no counter-affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then the conclusion may be justified that there is no genuine issue as to facts proved, even though allegations to the contrary might be contained in the pleadings. Haley v. City of Opelousas, 374 So.2d 903 (La.App. 3rd Cir. 1977).
Here, although Mrs. Johnson alleges that Highlands agreed with Touro to be responsible for all indebtedness arising out of her hospitalization, Highlands' affidavit in support of its motion for summary judgment denies this. The affidavit states that Highlands made total payments of $25,000.00 to Touro; that when Mrs. Johnson *900 first was admitted to the hospital, Highlands informed Touro that it would be liable for her medical bills up to the statutory limit; that Highlands advised Touro on May 4, 1977 that the statutory limit was $25,000.00 and that this amount had been nearly exhausted by that date. Highlands also attached documents showing the amounts and payees of the funds, and copies of letters to Touro and Mrs. Johnson's physicians advising that the statutory limit was approaching.
Mrs. Johnson's affidavit, on the other hand, simply states that she was admitted to Touro on January 6, 1977 and that she was admitted only after the hospital received specific approval from a Highlands or Home Health Services representative. Despite her allegations in earlier pleadings regarding Highlands' quasi-contractual agreement with Touro, her affidavit failed to controvert Highlands' denial of such an agreement. Accordingly, the uncontroverted affidavits in the record conclusively prove that Highlands Insurance Co. did not make such a blanket authorization. In the absence of such an authorization, Highlands was entitled to summary judgment as a matter of law.
For the reasons above, the judgment of the district court is affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurring and assigning reasons.
There is no genuine issue as to the fact that Mrs. Johnson's employer's workmen's compensation insurer discharged its total obligation under the compensation act then in effect. The Johnson's third party demand is based on an alleged agreement by the insurer to pay amounts in excess of the claim.
The Johnsons' third party petition alleges that the workmen's compensation insurer approved the January 6, 1977 admission and agreed to pay all of the costs in connection with that admission. The insurer expressly denied that allegation.
The insurer then moved for a summary judgment on the third party demand, attaching an affidavit of the claims supervisor which stated that his company informed the hospital it would be responsible for Mrs. Johnson's medical expenses up to the statutory limit, but did not agree to be responsible for all expenses arising out of the admission. Mrs. Johnson's affidavit, filed in response to the motion, merely stated that "she was admitted to the hospital only after the Admitting Department received specific approval from a representative of" the insurer.
Once the motion was made and supported by affidavit, the opponents could no longer rest on the mere allegations of their pleadings, but were required by C.C.P. art. 967 to respond with affidavits setting forth facts showing there is a genuine issue for trial. The affidavit filed by the opponents failed to establish any facts indicating the insurer agreed to pay all costs in connection with the January, 1977 admission, and the insurer is entitled to a judgment as a matter of law.
The real thrust of the Johnsons' argument is that the insurer, once it approved Mrs. Johnson's hospital admission, should have reserved funds to pay for those charges.[1] I agree that if the insurer on its own had determined the amount of hospital charges incurred during that admission and had earmarked funds to pay those charges, Mrs. Johnson might have pursued other options, such as free medical care in a public facility, instead of incurring the subsequent expenses. However, I perceive no basis in this case for imposing a duty on the insurer *901 to keep a record of every communication confirming limited insurance coverage or to earmark funds for every period of hospitalization of which it has been notified; rather, the insurer (unless it agrees otherwise or misleads the claimant or a medical officer by actions or misrepresentations) may simply pay bills as received until the statutory limit is reached.
NOTES
[1] At the time of the January, 1977 hospitalization the insurer had paid medical expenses totaling $18,768.91. The $1,838.37 partial payment (which brought the insurer's total payments to $25,000.00) for that period of hospitalization was not made until August, 1977 (and presumably the bill was not received until just prior to that payment). In the meantime, after the January hospitalization and before receipt of the bill, the insurer had paid two other large bills which virtually exhausted the $25,000.00 limit.