421 So.2d 325 (1982)
Leon Charles SEYMOUR
v.
TRANSOCEAN MARINE, INC.
No. 15064.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*326 Harold J. Lamy, Barker, Boudreaux, Lamy, Gardner & Foley, New Orleans, for plaintiff-appellant.
Nicholas F. LaRocca, Jr., Lippman, Mahfouz, Martin, LaRocca, Stansbury & Antin, Morgan City, for defendant-appellee.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
Plaintiff, Leon Seymour (Seymour), was employed by Transocean Marine, Inc. (Transocean) as a deckhand aboard the motor vessel LYN JA on or about March 16, 1980. While working in this capacity Seymour sustained a minor injury to his big toe in an accident on board the vessel on July 3, 1980. As a result of this injury, he was unable to work as a deckhand and was temporarily assigned to work out of Transocean's office in Morgan City, Louisiana. Ten days after this temporary reassignment, on July 13, 1980, Seymour was seriously injured in a work-related automobile accident. Due to these injuries Seymour instituted a suit against Transocean for workmen's compensation benefits under LSA R.S. 23:1021, et seq. In response, Transocean filed a motion for summary judgment arguing that Seymour was at the time of the July 13th accident a Jones Act seaman under 46 U.S.C.A. § 688 and as such was ineligible to receive benefits under the Louisiana Workmen's Compensation Act. The court granted defendant's motion for summary judgment and plaintiff herein appeals.
The first issue is whether, under the circumstances presented in this case, a motion for summary judgment was the proper procedure to determine Seymour's employment status. La.C.C.P. arts. 966 and 967 are as follows:
*327 "Art. 966. Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
"Art. 967. Same; affidavits
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
"If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purpose of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt."
According to these procedural provisions, a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits on file show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. In this case the record before the court contained only the pleadings and an affidavit filed by defendant Transocean as mover; plaintiff Seymour did not file a countervailing affidavit. Appellant thus argues that due to the lack of depositions, answers to interrogatories or admissions of fact in the record, there was insufficient evidence to warrant granting the motion for summary judgment.
Whether or not summary judgment is appropriate depends not on whether the record contains all of the evidentiary sources referred to in C.C.P. 966, but rather, on whether the record contains sufficient evidence to convince the court that there is no genuine issue as to material fact. A lack of one or more of the evidentiary sources noted in C.C.P. 966 does not necessarily mean there is insufficient evidence. Summary judgments have been granted in instances where the record contained only the pleadings and an affidavit filed by the mover. Haley v. City of Opelousas, 347 So.2d 903 (La.App. 3rd Cir.1977); Roach v. Liberty Mutual Insurance Company, 279 So.2d 775 (La.App. 1st Cir.1973), application denied, 281 So.2d 756 (La.1973).
*328 In this instance, all pertinent facts were before the court and were undisputed. Both the plaintiff and the defendant agree that Seymour suffered a minor injury on July 3, 1980, while working as a deckhand on Transocean's motor vessel, that he was temporarily reassigned to shore work for Transocean while his injury healed, and that ten days after this reassignment he was again injured while delivering a new valve for a boat engine from Morgan City to Cameron. Although plaintiff describes Seymour as an "office worker" and defendant describes him as a "seaman", the facts as to why Seymour was at the Morgan City office rather than performing his normal duties as a deckhand on board the motor vessel LYN JA and what he was doing at the time of the July 13th accident are undisputed; it is the legal conclusion to be drawn from these facts that is disputed.
The issue of whether or not an individual is a seaman for Jones Act purposes has been decided by summary judgment in both the state and federal courts prior to this time. Beard v. Shell Oil Company, 606 F.2d 515, (5th Cir.1979); Owens v. Diamond M Drilling Company, 487 F.2d 74 (5th Cir.1973). Alexander v. Hudson Engineering, Incorporated, 378 So.2d 156 (La.App. 1st Cir.1979). Indeed, the court in Owens stated:
"The law applicable to maritime oil workers has developed to the point where in the appropriate case a legal determination may be made rather than submit the matter to a jury."
For the above reasons, we find that under the circumstances described in this case the use of motion for summary judgment was appropriate.
Next, appellant argues the court below erred in its finding that Seymour was a Jones Act seaman. Generally, to be found a seaman one must show that he was permanently assigned to a vessel or performed a substantial part of his work on the vessel and his duties contributed to the function of the vessel, accomplishment of its mission or operation or welfare of the vessel. Offshore Company v. Robison, 266 F.2d 769 (5th Cir.1959).
There is, however, a line of cases specifically dealing with individuals who, while employed as seamen, were temporarily reassigned to shore work for various reasons, but nonetheless retained their status as seamen. The court has upheld seaman status as to an individual who was employed as a seaman, but was injured while temporarily assigned to a newly constructed dredge being prepared for use by his employer. Crafton v. Tennessee Valley Sand & Gravel Company, 408 F.2d 1096 (5th Cir.1969), writ denied, 396 U.S. 827, 90 S.Ct. 73, 24 L.Ed.2d 78 (1969), and in a case which involved a worker normally assigned to a submersible drilling barge, the court held that despite temporary reassignment to a fixed platform to replace a vacationing foreman, the worker retained Jones Act status. Higginbotham v. Mobil Oil Corporation, 545 F.2d 422 (5th Cir.1977), reversed on other grounds, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978).
In this instance, there is no question that Seymour was originally hired by and worked for Transocean as a seaman as defined by the Jones Act. Appellant argues that as a result of Seymour's injury on board the motor vessel and his temporary reassignment to shore work, Seymour lost his status as a Jones Act seaman. However, at the time of the second injury Seymour was still employed by Transocean, he had been away from the vessel to which he was customarily assigned for a period of only ten days, and he was expected to resume his duties as deckhand aboard the vessel as soon as he was physically able. Following the reasoning of the above cited cases, we find that nothing which occurred subsequent to Seymour's employment by Transocean served to change his status from that of seaman.
Finally, appellant argues that absent any previous finding of seaman status, Seymour is free to elect his remedy and to sue under either the Jones Act or the Louisiana Workmen's Compensation Act. Appellant implies that it is his prerogative to label his status and therefore to elect his *329 remedy. This is not the case. It is the determination of an individual's status by the court that decides the remedy that is available to him. A determination that an individual is a seaman requires him to seek redress under the Jones Act. Apperson v. Universal Services, Inc., 153 So.2d 81 (La. App. 1st Cir., 1963); Bearden v. Leon C. Braud Towing Co., Inc., 365 So.2d 1192 (La. App. 3rd Cir.1978); writ denied 366 So.2d 915 (La.1979). Therefore, the court's finding that Seymour was a Jones Act seaman bars his recovery under the Louisiana Workmen's Compensation Act.
Accordingly, the district court's granting of defendant's motion for summary judgment is affirmed.
Costs are to be paid by the plaintiff-appellant.
AFFIRMED.