464 So.2d 907 (1985)
O.Z. DUCKWORTH
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Gregory Sitzman and Holsum Bakeries, Inc.
No. CA-2314.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*908 Arthur C. Reuter, Jr. and Michael R. Zsembik, Reuter, Reuter, Reuter & Pizza, New Orleans, for third-party plaintiffs-appellants Leon P. Cassadabon and Holsum Bakeries, Inc.
William F. Bologna, Avery T. Waterman, Jr., McGlinchey, Stafford, Mintz, Cellini & Lang, PC, New Orleans, for third-party defendants-appellees City of Kenner and Kenner Police Department.
Harriet R. Campbell Young, New Orleans, for third-party defendant-appellant State of Louisiana, Department of Public Safety.
Before GULOTTA, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
This case arises from an automobile accident which occurred on the Williams Boulevard overpass of Interstate 10, in the City of Kenner. The only issue before us on this appeal concerns the granting of summary judgment in favor of the City of Kenner and the Kenner Police Department. We affirm.
As a result of the accident, the original plaintiff sued several defendants, but not the City of Kenner. The City of Kenner was brought in as a third-party defendant on the ground that Kenner is responsible for this section of the Interstate which runs through the municipality. The City of Kenner moved for summary judgment on the ground that it owed no duty of care to plaintiff under the circumstances of this case. From judgment in favor of Kenner, third-party plaintiffs, Leon P. Cassadabon and Holsum Bakeries, Inc., and the State of Louisiana Department of Public Safety Office of State Police, have appealed.
Summary judgment is appropriate when there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. With its Motion for summary judgment Kenner submitted an affidavit from the Mayor of Kenner. No countervailing proof of any sort was submitted by the opposing parties. La.C.C.P. Art. 967.
The accident, which occurred about 6:40 a.m., allegedly was caused by icing conditions on the overpass. Upon being advised of the accident, Kenner police responded immediately and assumed control of the situation. At issue here is whether prior to the accident Kenner breached any duty which might have been a cause of the accident. Third-party plaintiffs argue that Kenner is responsible, at least concurrently *909 with the State, for traffic control on those sections of the State highway system which are within Kenner's municipal boundaries. Because of this responsibility, it is argued that Kenner has a duty arising prior to the accident to protect persons such as plaintiff from hazardous highway conditions such as ice on an overpass.
We have studied the pertinent statutory and jurisprudential law and agree with the assessment given by the trial judge in his "Reasons for Judgment."
"The State of Louisiana, through the Department of Transportation and Development, is charged with the legal duty of maintaining the state highways in a safe condition. LSA-R.S. 48:21(A) states in pertinent part:
`A. The functions of the department shall be to study, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the department by applicable law.'
"Therefore, it is the state and not the municipality that has the duty to maintain I-10.
"Although a municipality is not obligated to maintain that part of the state highway within its jurisdiction, a municipality can become responsible in two situations. First, the municipality can contract with the state to maintain the part within its jurisdiction. Second, a municipality may become responsible for limited maintenance if it becomes aware of an imminently dangerous situation.
* * * * * *
"Although two recent cases indicate that the state is responsible for notifying local police of a chronic hazard, Gaspard v. Stutes, 380 So.2d 201 (La.App. 3 Cir. 1980), Lochbaum v. Bowman, 353 So.2d 379 (La.App. 4 Cir.1977), both of these cases are addressed to the duty of the state. They do not broaden the duty of the municipality and are not determinative of that duty. As mover pointed out, these cases are significant in that the municipality was not found negligent, despite routine patrolling of the area and the chronic nature of the hazard." [See also Kelson v. Buckley, 429 So.2d 477 (La.App. 5th Cir.1983), writ den., 434 So.2d 1090 and 1097 (La.1983).]
The relevant factual inquiry, then, is to determine whether Kenner had assumed any responsibility by contracting with the state or whether Kenner knew of the hazard before the accident. The trial judge found this factual issue resolved by the uncontroverted affidavit of Kenner's Mayor. Again, we agree. The trial judge characterized the affidavit's factual statements as follows:
"The affidavit of Aaron Broussard, Mayor of the City of Kenner, particularly paragraphs 3, 6, 7, 9 and 20 emphasized that the City of Kenner has not entered into any contractual agreements to assume responsibility for maintaining, signing or patrolling I-10.... Additionally, the affidavit of Mr. Broussard, particularly paragraphs 12, 13 and 14, emphasized that the City of Kenner was unaware of any hazardous conditions prior to the occurrence which is the subject of the instant controversy."
Appellants argue for a finding of tacit consent to a contractual arrangement because there are times when Kenner does assume responsibility for traffic control on Interstate 10. Appellants argue that legal responsibility follows this exercise of authority by Kenner.
While we agree that while engaged in traffic control, Kenner police should operate in a reasonable, non-negligent manner, we do not find any duty placed on Kenner concerning problems on the state highways of which Kenner is not aware.
Appellants also argue that Kenner should have been aware of the hazard, i.e., Kenner had constructive knowledge of the icing conditions. The proof offered in connection with the hearing on the Motion for summary judgment does not bear this out.
*910 Mayor Broussard's affidavit stated as fact that Kenner has no contract with the State for maintenance, signing or patrolling Interstate 10, and that prior to the accident, Kenner was unaware of any hazardous conditions. These statements are uncontroverted. The mere possibility that an opponent could raise a factual issue does not defeat a summary judgment, if the opponent does not do so. In the absence of any counter-affidavits it must be assumed that there is no dispute with regard to the facts as set forth in mover's affidavits. Atkinson v. Allstate Insurance Co., 361 So.2d 32 (La.App. 3d Cir. 1978), writ den., 363 So.2d 535 (La.1978).
There is no contract between Kenner and the State, nor did Kenner have knowledge of a hazardous condition. There remains no genuine issue of material fact. Under these circumstances Kenner owed no duty to plaintiff prior to the accident. Kenner is entitled to judgment as a matter of law.
Accordingly, we find summary judgment appropriate. La.C.C.P. Art. 966. The judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellants.
AFFIRMED.
GULOTTA, J., dissenting with reasons.
GULOTTA, Judge, dissents with reasons.
I respectfully dissent from the majority's result dismissing the City of Kenner on a motion for summary judgment.
As I read Mayor Broussard's affidavit, there is recognition that the Kenner Police Department has concurrent jurisdiction with the Louisiana State Police over I-10 within the Kenner boundaries and that both agencies have the responsibility for traffic control "... when they are aware of an accident or other hazardous condition...." The affidavit further points out that the Kenner Police Department assumes "... traffic control of accidents of which it is aware...." The City of Kenner also has a responsibility "... to place temporary warnings or abrasive materials only if it becomes aware of an imminently dangerous or hazardous condition...." The Mayor states that the Kenner police had no knowledge that I-10 would become hazardous because of icing conditions and that the police department was not notified by any authority of the State of Louisiana concerning the conditions of I-10 prior to the accident.
Although it is true that the record contains no countervailing affidavit questioning the factual issue, i.e. whether the Kenner police were aware or should have been aware of impending icing conditions, the Mayor's affidavit states an unacceptable allegation of fact. Whether the Kenner police were aware or should have been aware of icing conditions prior to the accident is a clear factual question to be resolved by evidence relating to weather reports, media announcements and similar advance information made available to the public. It is difficult for me to accept that if the public is made aware of an impending freezing circumstance, the City of Kenner can avoid responsibility (by way of summary judgment) by taking the position the Kenner police were not aware of an obvious circumstance.
Despite the absence of countervailing affidavits, a genuine issue of material fact exists as to whether the Kenner police were aware or should have been aware of an impending hazardous condition.
Accordingly, I respectfully dissent.