EDWARDS, Judge.
From a summary judgment dismissing plaintiffs case against defendant John 0. St. Amant, plaintiff appeals. We reverse and remand.
In an effort to satisfy a judgment which he had been assigned from the Nineteenth Judicial District Court, plaintiff obtained a writ of fi fa ordering the seizure and sale of certain property in St. Charles Parish.* According to plaintiffs petition, he had delivered the writ to Sheriff St. Amanf s office and requested immediate execution on the writ, but the sheriff did not serve the writ on the judgment debtor until more than a week later. Furthermore defendant St. Charles Herald, the official journal for the parish, failed on two separate occasions to advertise the judicial sale, so that the sale could not take place on either of the dates scheduled. When the newspaper finally did publish notice of the sale, scheduled for a date almost four months after plaintiff had delivered the writ of fi fa to the sheriff, the judgment debtor had the sale enjoined. According to plaintiffs petition this delay caused him damages of $253,600.00, including the loss of a loan commitment for funds to buy the property *624 at the sheriffs sale, the cost of obtaining the judgment, the loss of the property, loss of anticipated rental on the property, and mental pain and anguish.
Defendant St. Amant moved for summary judgment, claiming that because he had requested advertisement of the sheriff’s sale in the official journal of the parish, he had not been negligent, and therefore plaintiff had no cause of action against him. Attached to the motion for summary judgment were copies of notices from Sheriff St. Amant’s office to the St. Charles Herald, dated May 22 and June 8, requesting publication of the sheriff’s sale. The affidavit of the supervisor of the civil division of the sheriff's office states that it was normal practice to post the advertisement request on the date indicated on the letter of transmittal. Plaintiff made no effort to controvert this documentation.
Because this motion for summary judgment raises the objection of no cause of action, we will treat it both as an exception of no cause of action and as a motion for summary judgment. The objection of no cause of action must be tried on the face of the petition. “No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” LSA-C.C.P. art. 931. Plaintiff’s petition claims that he was damaged by the negligence of the defendants. He has clearly stated a cause of action.
Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966 B.
The purpose of a summary judgment is to dispose of “all or part of the relief” prayed for. LSA-C.C.P. art. 966 A. Summary judgment may be partial, that is, it may grant less than all relief prayed for. It must, however, grant at least some of the relief prayed for by one of the parties. Dryades Savings and Loan Ass’n v. Lassiter, 400 So.2d 894, 896 (La.1981). It may not be used to decide only an issue, without granting or denying any part of the relief claimed by any party. Smith v. Hanover Ins. Co., 363 So.2d 719, 720 (La.App.2d Cir.1978).
Plaintiff did not file opposing affidavits, and therefore it must be assumed that there is no dispute as to the facts set forth in the affidavit in support of the motion for summary judgment. LSA-C.C.P. art. 967; Duckworth v. Government Employees Ins. Co., 464 So.2d 907, 910 (La.App. 4th Cir.1985). For purposes of our review, we will therefore assume that defendant St. Amant established that he discharged his duty in regard to notifying the official journal of the sheriff’s sale. Yet this does not end the inquiry; other material facts necessary to the granting of even part of the relief prayed for remain in dispute. For example, the motion for summary judgment did not even address plaintiff’s claim that Sheriff St. Amant negligently delayed the service of the writ on the judgment debtor.
Summary judgment is appropriate only where the pleadings, depositions, and affidavits show there is no issue of any fact material to any of the several elements of plaintiff’s entire cause of action. City of Baton Rouge v. Cannon, 376 So.2d 994, 996 (La.App. 1st Cir.1979). Where the supporting documents are not sufficient to resolve all material fact issues, summary judgment must be denied. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). All doubt concerning a dispute over a material issue of fact must be resolved against granting summary judgment. Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542, 546 (La.App. 1st Cir.1983).
Plaintiff prayed for damages based on his claim of negligence. Defendant St. Amant prayed that the case against him be dismissed. Because this motion for summary judgment does not establish that there is no genuine issue of material fact as to this claim, summary judgment is not appropriate.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff’s action against defendant St. Amant is re *625 versed, and the case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be borne by defendant-appel-lee John 0. St. Amant.
REVERSED AND REMANDED.

This action was transferred from the Twenty-Ninth Judicial District Court to the Twenty-First Judicial District Court pursuant to LSA-C. C.P. art. 122.