524 So.2d 207 (1988)
Nathan NEWMAN
v.
GENERAL MOTORS CORP., et al.
No. CA 7786.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*208 Gerald Thos. LaBorde, Gretna, plaintiff/appellant.
Joseph S. Palermo, Jr., Patricia S. LeBlanc, Bernard, Cassisa, Saporito & Elliott, Metairie, Douglas E. Brown, Judith A. Zakens, Detroit, Mich., for defendants/appellees.
Before GARRISON, KLEES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Nathan Newman, ("Newman") appeals from the district court's granting of defendant General Motors Corporation's ("GMC") motion for summary judgment. For the following reasons we affirm the judgment of the district court.
On December 18, 1978, Newman was injured while in the employ of United Transport Company. Newman was loading automobiles onto a specialized double decker trailer when the lever he was bearing down on slipped out, causing him to fall against a curb, injuring his back. Newman filed a products liability action against GMC and the Williams Manufacturing Company, Inc. as the Manufacturers of the transport vehicle. GMC moved for summary judgment on the ground that it did not manufacture the allegedly defective ratchet assembly which caused Newman's fall. On July 25, 1986, the trial court granted GMC's motion for summary judgment. Newman appeals from this judgment.
On appeal Newman contends that the trial court erred in dismissing GMC from the suit without requiring GMC to specifically show who manufactured the ratchet assembly. Newman's contention is that the manufacturer of the ratchet is a disputed fact and it is the mover's burden to resolve all disputed facts.
LSA-C.C.P. Article 966 and 967 provide, respectively, that on a motion for summary judgment, the mover is entitled to judgment as a matter of law if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue of material fact. When a motion for summary judgment is made and supported the adverse party may not rest on his pleadings, but must show, by affidavits *209 or otherwise, that there is a genuine issue for trial.
The Louisiana Supreme Court articulated in Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772 (La.1980), that the prerequisite for summary judgment is the presentation of sufficient evidence by the mover to show that there exists no genuine issue of material fact.
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
Id. at 775. Affidavits alone can constitute sufficient evidence to resolve all issues of material fact, provided they are made on personal knowledge and set forth facts admissible in evidence. Duckworth v. Government Employees Ins. Co., 464 So. 2d 907 (La.App. 4 Cir.1985). Seymour v. Transocean Marine, Inc., 421 So.2d 325 (La.App. 1 Cir.1982), Touro Infirmary v. Johnson, 377 So.2d 898 (La.App. 4 Cir. 1979) writ denied 379 So.2d 10.
In the instant case, GMC offered an employee's affidavit which recites the following:
Exhibits "1", "2" and "3" show that the subject vehicle, as an incomplete cab and chassis, was not equipped with a trailer, including a tie bar or ratchet, and was not a trailer when it left the control of General Motors Corporation.
General Motors Corporation does not design, manufacture or assemble tie bar or trailer ratchets for commercial sale.
Pursuant to Article 967 of the Louisiana Code of Civil Procedure, once GMC sustained its burden, the burden then shifted to Newman as the party opposing the motion to controvert GMC's facts or the sufficiency of the affidavit. Failure to do so resulted in summary judgment rendered against him. See, Nemeroff v. Dolphin Swimming Pool Co., Inc., 306 So.2d 94 (La.App. 4 Cir.1974), Manzella v. Terrebonne Parish Police Jury, 432 So.2d 414 (La.App. 1 Cir.1983). Newman offered no evidence to controvert GMC's affidavit but maintains that GMC's affidavit is vague and ambiguous. We agree with the trial court's finding that GMC's affidavit and exhibits sufficiently resolve all issues of material fact.
Newman also asserts that, because the vehicle carried a GMC label, GMC should be held liable to the plaintiff based on name recognition and cites as authority Penn v. Inferno Mfg. Corp., 199 So.2d 210 (La.App. 1 Cir.1967), Travelers Indemnity Co. v. Sears, Roebuck & Company, 256 So.2d 321 (La.App. 1 Cir.1971) and Marshall v. Beno Truck Equipment, 481 So.2d 1022 (La.App. 1 Cir.1985). These cases held a labeling manufacturer jointly liable with the "real" manufacturer for damages resulting from a defective product that carried its label. All of these cases are distinguishable from the facts before us. This is not a case where GMC as the manufacturer incorporated another's product into its vehicle or held the vehicle out to be its own, together with component parts manufactured by another. The vehicle in question carried two labels, that of GMC and that of Williams Manufacturing. Williams Manufacturing's label specifically stated that the vehicle had been altered, thereby notifying consumers GMC was not the sole manufacturer. GMC offers a correct statement of the law as it pertains to product manufacturers that have not manufactured or installed the component of the product alleged to be defective. A manufacturer can not be liable in a product liability claim where it shows that it did not manufacture or install the component of the product alleged to be defective. Landry v. Caldwell, 280 So.2d 231 (La.App. 1 Cir.1973), Thornhill v. Black, Sivalls & Bryson, Inc., 385 So.2d 336 (La.App. 1 Cir. 1980), St. Pierre v. Gabel, 351 So.2d 821 (La.App. 1 Cir.1977), Stevens v. Rex Chainbelt, Inc., 349 So.2d 948 (La.App. 1 Cir. 1977) writ denied 351 So.2d 164.
*210 For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.