558 So.2d 1355 (1990)
Johnny COOPER
v.
CECO CORPORATION.
No. 89-CA-0979.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1990.
*1356 Edward J. Norton, Jr., New Orleans, for plaintiff/appellee Johnny Cooper.
Edward A. Rodrigue, Jr., Robert I. Baudoin, Boggs, Loehn & Rodrigue, New Orleans, for defendant/appellant CECO Corp.
Richard E. McCormack, New Orleans, for third-party defendant/appellee Atlas Blowpipe & Sheet Metal Works, Inc.
C. Edgar Cloutier, III, Christovich & Kearney, New Orleans, for third-party defendant/appellee Otis Elevator Co.
*1357 Lynn L. Lightfoot, New Orleans, for third-party defendant/appellee American Sprinkler Co., Inc.
Michael R. Sistrunk, Debra Fishman Cottrell, Mark MacKenzie Gloven, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for Belou & Company-Acousitics, Inc.
Before LOBRANO, PLOTKIN and BECKER, JJ.
BECKER, Judge
Defendant, Ceco Corporation, filed this appeal and consolidated writ application from the trial court's denial of its summary judgment and granting of other defendants' summary judgments. Plaintiff, Johnny Cooper, instituted a tort action seeking damages for injuries allegedly sustained while working as a cement finisher on a construction site. Named as a defendant was Ceco Corporation, a sub-contractor. Subsequently, Ceco named as third party defendants several other sub-contractors performing work at the construction site, namely Otis Elevator Company, American Sprinkler Company, Atlas Blowpipe & Sheet Metal Works, Inc., Mechanical Construction Company of New Orleans, H & W Steel Erectors, McCarthy Consultant Services, Belou & Company Acoustics Inc., Coastal Erection Co., Inc., Muntz Bros., City Glass & Mirror Company, and Fischbach & Moore, Inc.
Prior to filing its third party demand, Ceco moved for a summary judgment which was denied by the trial court. However, after all third party defendants answered, Ceco again moved for a summary judgment which was granted by the trial court. At the same time, third party defendants, Otis Elevator Co., American Sprinkler Co., Belou & Company Acoustics Inc. and Atlas Blowpipe and Sheet Metal Works, Inc., filed motions for summary judgment which were granted by the trial court.
The plaintiff then filed a motion for a new trial on the summary judgment granted to Ceco Corporation. The trial court granted plaintiff's motion and vacated its original judgment granting Ceco Corporation a summary judgment. Subsequently, Ceco filed an appeal from the judgment dismissing its third party demands against Otis Elevator Co., American Sprinkler Co., Atlas Blowpipe & Sheet Metal Works, Inc., and Belou & Company Acoustics Inc., and a writ application from the denial of its summary judgment.
Plaintiff, Johnny Cooper, brought suit against Ceco Corporation seeking damages for personal injuries allegedly sustained on May 4, 1982, when he was struck by a large steel taper tie washer that fell or was dropped from one of the upper floors of the 1515 Poydras Building then under construction in New Orleans, Louisiana. Plaintiff was employed as a cement finisher by J.A. Jones Construction Company and was working outside near the base of the building when he was injured.
After extensive discovery, Ceco filed its third party demands alleging that one or more of the employees of one of the subcontractors named as third party defendants could have been negligent by dropping or causing to fall the steel taper tie that struck the plaintiff. Third party defendants, City Glass & Mirror Co., and Mechanical Construction Company were dismissed from the litigation when the trial court granted their motions for summary judgments on January 29, 1988, and March 25, 1988, respectively. Third party defendant, Coastal Erection Company, was voluntary dismissed by Ceco Corporation.
Otis Elevator Company, American Sprinkler Company, Atlas Blowpipe & Sheet Metal Works, Inc., and Belou & Company Acoustics Inc. filed their motions for summary judgments arguing that its employees did not use any instrument similar to the washer which struck the plaintiff, and that their employees did not work in the area in which the washer fell. At the same time, Ceco Corporation reurged its motion for summary judgment which had been previously denied by the trial court.
*1358 Ceco, now, on appeal, argues that the trial court erred in granting summary judgments to Otis Elevator Company, American Sprinkler, Belou & Company Acoustics Inc., and Atlas Blowpipe and Sheet Metal Work, Inc., since genuine issues of material fact exist and thus, movers are not entitled to a judgment as a matter of law as required by LSA-C.C.P. article 966.
In its application for writs, Ceco contends that the trial court erred in denying its motion for summary judgment since the trial court did maintain the motions for summary judgment of the third party defendants. Ceco suggests that if the judgments granted in favor of the third party defendants are maintained, then its summary judgment should also be maintained.
A motion for summary judgment may be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." L.S.A.-C.C.P. Article 966. The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. Ebarb v. Erwin, 530 So.2d 1166 (La.App. 2nd Cir. 1988). However, when a motion for summary judgment is made and supported, the adverse party may not rest on his pleadings, but must show, by affidavits or otherwise, that there is a genuine issue of material fact. Newman v. General Motors Corps., 524 So.2d 207 (La.App. 4th Cir. 1988).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue. Only at this point may he no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772, 775 (La.1980); Newman v. General Motors, supra.
Affidavits alone can constitute sufficient evidence to resolve all issues of material fact, provided they are made on personal knowledge and set forth facts admissible in evidence. Duckworth v. Government Employees Ins. Co., 464 So.2d 907 (La.App. 4th Cir.1985); Seymour v. Transocean Marine, Inc., 421 So.2d 325 (La.App. 1st Cir.1982); Touro Infirmary v. Johnson, 377 So.2d 898 (La.App. 4th Cir.1979), writs denied, 379 So.2d 10 (La.1980).
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues. Merely formal allegations without substance will not preclude summary judgment. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979); Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir.1972), writ refused, 261 La. 462, 259 So.2d 914 (1972).
In deciding whether all material issues have in fact been dispensed with, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Chaisson v. Dominque, 372 So.2d 1225 (La.1979).
While questions of negligence are generally inappropriate for disposition by summary judgment, a defendant is entitled to dismissal by means of this procedural vehicle, if, after the opposing party had adequate opportunity to develop evidence, the record is completely devoid of any suggested basis for that defendant's liability. Acosta v. Dardar, 379 So.2d 820 (La.App. 4th Cir.1980), writs denied, 381 So.2d 508 *1359 (La.1980); Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975).
In support of its motion for summary judgment, Atlas Blowpipe and Sheet Metal Works, Inc. relied upon the affidavit of its president, Mr. Harold P. Schrieffer, Sr. Mr. Schrieffer stated in the affidavit that it was his personal knowledge that employees of Atlas were working only on the twenty-second and twenty third floors of the 1515 Building and did not use any such washer that struck the plaintiff.
William Belou, president of Belou & Company Acoustics Inc., testified in his affidavit that Belou's employees did not use nor have custody or control of the type of washer which struck plaintiff. Further, Mr. Belou stated that Belou's employees were working in the core area of the building.
American Sprinkler Company relied upon the affidavit and deposition testimony of its operations manager, William Honeycutt. Mr. Honeycutt testified that on the day of the accident, American's employees were installing sprinkler pipe and did not use washers in the process. Further, Mr. Honeycutt stated that the installation of sprinkler pipe was not performed until the slab was poured and after the duct work was installed.
The motion for summary judgment filed by Otis Elevator Company was supported by the deposition testimony of Jack Sullenburger, a representative of J.A. Jones, Co., and the affidavit of Talmadge Rodgers, Jr., construction superintendent of the New Orleans district for Otis Elevator Company. Mr. Sullenburger, in his deposition, testified that Otis had fifteen employees on the construction site on the date of the accident. Mr. Rodgers, in his affidavit, stated that these employees were installing elevators in the central core of the main building. He further stated that washers were not used in the installations of the elevators; nor were they part of the equipment or tools used by the employees. Mr. Rodgers further testified that Otis did not own nor have in custody or control any type of the washer which struck the plaintiff.
In response to these documents presented by third party defendants in support of their motions for summary judgment, Ceco Corporation did not produce any documentation refuting the testimony established. Ceco merely relied upon its allegations in its opposition memorandum that any employee of one of the third party defendants could have caused the washer to fall.
As stated previously, once the mover has presented supporting documentation that no genuine issues of material fact exists, the adverse party may not merely rest on his allegations. He must produce evidence to show that a genuine issue of material fact still exists. LSA-C.C.P. art. 967. Ceco Corporation failed to produce any such supporting documentation for its allegations.
Accordingly, we find that the trial court did not err in granting third party defendants', Otis Elevator Co., Inc., American Sprinkler Co., Belou Company Acoustics, Inc. and Atlas Blowpipe and Sheet Metal Works, Inc., motions for summary judgment. The trial court's judgment dismissing Ceco's third party demands against these third party defendants is affirmed.
Now, considering Ceco's writ application from the trial court's denial of its summary judgment, we can not say that the trial court erred in denying Ceco's motion for summary judgment.
Ceco had originally filed its motion for summary judgment on February 23, 1987, which was denied by the trial court on March 23, 1987. This same motion was reurged in June 1988 when third party defendants filed their motions for summary judgment. Ceco, in support of its motion, relied upon the affidavit of Benny Chauvin, its construction superintendent, and the deposition of Jack Sullenburger, a representative of J.A. Jones, Inc.
Mr. Chauvin stated in his affidavit that Ceco did not own the washer which struck *1360 the plaintiff, and that such a washer was used in the exterior forming work. Mr. Chauvin testified that Ceco was involved solely in the interior forming of cement. Mr. Sullenburger testified in his deposition that employees of both Jones and Ceco were working on the twenty-seventh floor. He also stated that the washer which allegedly struck the plaintiff was similar to the type used by Jones in its form work.
The plaintiff opposed Ceco's motion, relying upon the depositions of Willie C. Bishop and Marci Sloan, and the affidavit of the plaintiff. Both Bishop and Sloan testified that one of Ceco's employees dropped the washer in question. Further, the plaintiff stated in his affidavit that he saw Ceco's employees using the type of washer in question. Cooper further testified that J.A. Jones did not use the type of washer which struck him.
It was upon this documentation that the trial court originally denied Ceco's motion for summary judgment finding that a genuine issue of material fact did exist. When Ceco reurged its motion in June 1988, it did not provide any further documentation. Yet the trial court, on this occasion, granted the motion for summary judgment.
In response, the plaintiff filed a motion for new trial, attaching to the motion, an affidavit by the plaintiff stating that he has in his possession a washer taken from Ceco's storage bin on the construction site which is the same type of washer which struck him. The trial court, in light of this evidence, granted plaintiff's motion for a new trial. The court then vacated its judgment granting Ceco's motion for summary judgment, finding that there is a genuine issue of material fact as to the ownership and control of the washer which allegedly struck the plaintiff.
Plaintiff sued Ceco Corporation alleging theories of negligence, strict liability and absolute liability. Ownership and control of an object causing harm is an essential issue under all three theories of liability. The depositions and affidavits produced by both parties reveal that there is a genuine issue of material fact. Although Ceco alleges that all of the washers within their control are painted, and that the washer which struck plaintiff was not painted, this is still a material issue of fact to be decided by the trial court.
Accordingly, we find that the trial court was correct in vacating its original judgment, and denying Ceco's motion for summary judgment.
Writ denied.
All costs to be borne by defendant, Ceco Corporation.
AFFIRMED.