KLEES, Judge.
Plaintiffs appeal the district court’s dismissal of their suit against General Motors Corporation on a motion for summary judgment. After reviewing the record and applicable law, we affirm.
On September 4th, 1988 while driving a 1979 Chevrolet Malibu on 1-55, one of the plaintiffs, Leontine White, was struck from behind by a pickup truck driven by Dean E. Benoit. As a result of the collision and subsequent explosion, two occupants of White’s vehicle were killed and several others were seriously injured.
On May 12, 1989 members of the White family filed suit against General Motors Corporation (General Motors), Mossy Motors, Inc. (Mossy Motors) and others for damages sustained from injuries caused by the automobile accident.'
Plaintiffs assert that the named defendants are liable for their damages because the Malibu purchased from Mossy Motors and manufactured by General Motors was not a crashworthy vehicle. Plaintiffs claim that the Malibu was not crashworthy because it had a defective fuel system that caused the gas tank to explode upon impact. As a result of the explosion, the plaintiffs’ injuries otherwise received in the accident were worsened.
In January of 1991, General Motors and Mossy Motors filed a motion for summary judgment based upon the plaintiffs’ inability to substantiate their claims relating to the integrity of the Malibu’s fuel system.
At the hearing on the motion, Judge Or-tique granted the plaintiffs additional time to produce expert testimony to support their allegations. After the extension expired and the plaintiffs had not produced the contemplated testimony, the motion for summary judgment was granted in favor of General Motors and they were dismissed from the suit. It is from this dismissal that the plaintiffs appeal.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions, together with affidavits show that there is no genuine issue as to a material fact, and that the moving party is entitled to judgment as a matter of law. La.C.C.P. art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
In reviewing a district court’s decision on a motion for summary judgment, an appellate court must review the entirety of the case, and is “permitted to pierce the mere allegations in the pleadings and consider the depositions, affidavits, and admissions on file in order to determine if summary judgment is appropriate.” Williams v. Ingredient Technology Corp., 470 So.2d 283, 285 (La.App. 5th Cir.1985).
The review of a motion for summary judgment entails a two step analysis. First, the moving party has the initial burden to affirmatively prove the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Any doubt must be resolved against summary judgment and in favor of a trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La.1983); Morcos v. EMS, Inc., 570 So.2d 69 (La.App. 4th Cir.1990).
Secondly, if the moving party provides sufficient evidence to support the motion, the burden shifts to the opposing party to produce evidence proving that genuine issues of material fact are still present. Cooper v. Ceco, 558 So.2d 1355 (La.App. 4th Cir.1990).
In this case, a review of the pleadings, depositions, and affidavits supports the district court’s finding that there are no genuine issues of material fact and that General Motors is entitled to judgment as a matter of law.
The undisputed facts reveal that the vehicle in question is a 1979 Chevrolet Malibu that was purchased by Ethel White for $900.00 in July of 1987. When the vehicle was purchased, it had approximately 97,059 miles on it. The plaintiffs are unable to account for the vehicle’s repair and maintenance records either before or after the purchase date.
The plaintiffs allege in their petition that the 1979 Malibu had a defective and sub *35 standard fuel system. However, the plaintiffs have no personal knowledge of the alleged defect in the fuel system, and have not offered expert testimony proving the existence of such a defect. While the integrity of the Malibu’s fuel system is a material element of the plaintiffs’ claim against General Motors, mere allegations without corroborating evidence are not sufficient to raise an issue of material fact. This principle is summarized in Friar v. Caterpillar, 529 So.2d 509 (La.App. 5th Cir.1988), writ denied 532 So.2d 178 (La.1988):
Our jurisprudence further reflects that the mere allegation of a fact in the pleadings, as opposed to proof to the contrary, will not ordinarily be sufficient to show that a genuine issue of material fact exists. (Citations omitted). Moreover, a plaintiff (at least where he has had sufficient opportunity for discovery) cannot preclude summary judgment by asserting that he had no knowledge or facts needed to defeat the motion.
Id. at 513.
Although the plaintiffs in this case were afforded an extended opportunity for discovery, they failed to produce the required evidence to support their allegations. The district court granted the plaintiffs an extension for the sole purpose of obtaining expert testimony and set a deadline of April 2, 1991. The plaintiffs not only failed to meet the deadline, but they failed to request additional time to produce the expert witness. Instead, the plaintiffs have waited until now, for the first time on appeal, to attack the deadline set by the district court.
In Efferson v. Link Belt, 476 So.2d 528 (La.App. 1st Cir.1985), the First Circuit affirmed the district court’s decision to grant summary judgment to a crane manufacturer under similar circumstances. In Effer-son, the plaintiff alleged that a defective crane caused his injuries. Like the plaintiffs in this case, the plaintiff in Efferson was unable to support his allegations with personal knowledge or expert testimony. Under these circumstances, the Court of Appeals held that the manufacturer of the crane was entitled to summary judgment because the plaintiff had failed to raise a fact question concerning the crane’s manufacture. Id. at 531.
As in Efferson, the plaintiffs in this case are unable to meet the burden of establishing that there are genuine issues of material fact. The depositions reveal that the plaintiffs have no personal knowledge of the defective fuel system and they are unable to produce an expert opinion to support these allegations. The only testimony offered by the plaintiffs stating that the Malibu’s fuel system was defective is the affidavit of Ethel White, the owner of the Malibu. However, this affidavit merely gives Ethel White’s opinion that the fuel system was defective. Under Louisiana jurisprudence, to defeat a motion for summary judgment, the opposing party must offer counter-affidavits or receivable evidence to contradict the mover’s proof. Touro Infirmary v. Johnson, 377 So.2d 898, 899 (La.App. 4th Cir.1979), writ denied, 379 So.2d 10 (La.1980). Because there is no basis to regard Ethel White as one qualified to give an opinion of fuel systems, her affidavit alone is not sufficient to raise the integrity of the fuel system as a material issue.
Because the plaintiffs have failed to support their allegations that the Malibu’s fuel system was defective, they are unable to meet their burden of establishing that there are genuine issues of material fact in response to General Motors’ motion for summary judgment. Therefore, for the foregoing reasons, General Motors is entitled to summary judgment as a matter of law.
AFFIRMED.